# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPEL-
LANTS, *v.* JAMES COX AND OTHERS, RESPONDENTS.

*Bill of particulars—when it is sufficiently definite and specific.*

APPEAL from an order made at Special Term, vacating an order requiring certain of the defendants to appear and be examined before trial.

In 1879, an act was passed dissolving the corporation known as "The Trustees of the Town of Westchester," and abolishing the office of trustee of the town of Westchester. It also directed the trustees to assign, transfer and deliver to the supervisor of said town all moneys, deeds, bonds, mortgages, securities, books of account, records, and all other property belonging to said town, or in any manner pertaining to the office of trustee of said town, which was then in their possession, or under their control, &c. In July, 1879, the supervisor, claiming that the said trustees had converted large sums of money which had come into their hands as such, amounting to over $6,000, brought this action in the name of the People of the State of New York, to recover of the defendants, the ex-trustees, the moneys so converted by them. They, in their answer, denied that they had converted any moneys belonging to the town or otherwise, and alleged that they had complied with the said last-mentioned act, and had expended according to law, all

[269]

moneys received by them, except such as they had turned over to the supervisor as aforesaid; and on January 10, 1880, obtained from Mr. Justice BARNARD an order directing the plaintiffs' attorney to furnish them a bill of particulars, giving an account of particulars of the plaintiffs' demand for which the action was brought, containing "the times or time when the moneys claimed were converted; what moneys were so converted, and each item thereof which make up the total demand of the plaintiffs; when and how such items alleged to be converted were received by the defendants, and from what source; and an accurate, full and detailed statement of each and every item of money received by said defendants as trustees, which it is claimed was converted; from whom and when received, and how and where the plaintiffs claim said money was so converted as alleged;" and until the service of said bill of particulars as aforesaid all proceedings on the part of the plaintiffs were stayed. The plaintiffs served a bill of particulars, setting forth the date on which, the name of the person from whom, and the source from which each of the sums sought to be recovered had been received, and alleging "that the said several sums, and the whole amount thereof, excepting $103.67, was converted or without right disposed of by these defendants by failing, neglecting and refusing to deliver the same or the whole amount thereof, except as above mentioned, to the supervisors of the town of Westchester, as alleged in the amended complaint, and as required by the act of the Legislature made a part of the amended complaint herein as Exhibit A."

On April 7, 1880, the plaintiffs' attorney obtained from County Judge S. D. GIFFORD an order to examine two of the defendants before trial, and on the return day of the said order the defendants' counsel moved to vacate it, on the ground that the plaintiffs, having failed to serve such a bill of particulars as was required by Judge BARNARD's order, the stay granted by him therein was still in force, and the order to examine the defendants before trial was irregular. Judge GIFFORD thereupon made an order vacating his order to examine the defendants before trial. From this last order the plaintiffs appeal to this court.

The court, at General Term, said: "The order vacating the or-

der to examine defendant was improperly made. There is no question but the affidavit is sufficient. It states the issue in the action, and facts and circumstances showing the materiality of the parties as witnesses, and in other respects conforms to the rule and the section of the Code applicable to the case. The order for the bill of particulars was complied with. The bill of particulars contains every item claimed ; the date when it was received by the defendant ; the date of the conversion of each item ' by failing, neglecting and refusing to deliver the same and the whole amount thereof' to the supervisor, under the act of the Legislature annexed to the complaint, within twenty days after its passage. In other words, the bill of particulars avers the conversion to be by reason of the trustees wrongfully keeping the money themselves. There is no other statement necessary to comply with that part of order which requires the particulars as ' to whom and for what purposes the plaintiffs claim that the defendant disposed of said sums of money ;' the averment being that the defendants converted all the money claimed, themselves, and on a certain day."

*Henry C. Henderson* and *Isaac N. Mills,* for the appellants.

*Martin J. Keogh,* for the respondents.

Opinion by BARNARD, P. J. ; GILBERT and DYKMAN, JJ., concurred.

Order reversed, with costs and disbursements.